
**FILED**
IN CLERKS OFFICE
U.S. COURT ED N.Y:

 NOV 1 4 2005 ★

P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                     04 CR 911 (SJ)

                                                                     **MEMORANDUM**
        - against -                        **AND ORDER**

MICHAEL SPATARO and
CARMINE DEROSS, III,

                                  Defendants.
------------------------------------------------------------X

APPEARANCES:

ROSYLNN R. MAUSKOPF, Esq.
United States Attorney
Eastern District of New York
147 Pierrepont Street
Brooklyn, New York 11201
By:   Thomas J. Seigel, Esq.
Attorney for the United States


Thomas R. Ashley, Esq.
Robert Treat Center
50 Park Place, Suite 1400
Newark, New Jersey 07102
Attorney for Defendant Spataro


Lemole, McCarthy & Associates
1492 Victory Blvd.
Staten Island, New York 10301
By:   Paul A. Lemole, Esq.
Attorney for Defendant DeRoss, III

JOHNSON, Senior District Judge:

Pending before the Court are numerous pretrial motions filed by the defendants, Michael Spataro ("Spataro") and Carmine DeRoss, III ("DeRoss") (collectively "Defendants"). For the reasons stated below, Defendants' motions are DENIED.

## BACKGROUND

On October 13, 2004, a grand jury in the Eastern District of New York indicted Alphonse Persico and John DeRoss in connection with the murder of an individual named William Cutolo. The same indictment also charged Michael Spataro and Carmine DeRoss with three crimes related to the shooting of Joseph Campanella. During a pretrial conference before this Court on September 9, 2005, the Court granted a motion to sever the case of these Defendants, Spataro and Carmine DeRoss, from the case against Persico and John DeRoss.

Spataro and Carmine DeRoss are specifically accused in Count Two with Conspiracy to Commit Murder in Aid of Racketeering, in Count Three with Assault with a Dangerous Weapon, and in Count Four with Using, Carrying and Possessing a Firearm.

Defendants filed numerous pretrial motions, which the Court shall now address.

# DISCUSSION

## 1. *Counts Two through Four*

DeRoss moves for dismissal of Counts Two, Three and Four, claiming each is impermissibly vague. To survive at this stage, however, an indictment "need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." United States v. Tramunti, 513 F.2d 1087, 1113 (2d Cir. 1975) (citation omitted).

Upon review of the indictment, the Court finds it tracks the language of the relevant statutes charged. Thus, it is clearly facially sufficient, and DeRoss' request to dismiss Counts Two through Four on the claim that the Indictment is impermissibly vague is denied.

## 2. *Bill of Particulars*

Both defendants request a bill of particulars. The Court notes that "[a] bill of particulars is required 'only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.'" United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999) (citation omitted). Also, as this Court has stated, "the government is not required to disclose additional details in a bill of particulars if a defendant has already been given adequate notice of the charges against him in the indictment or through discovery." United States v. Pimentel, No. 99 CR

1104, 2001 WL 185053, at *4 (E.D.N.Y. Jan. 22, 2001) (citation omitted).

Here, as the Court has already found, the Indictment sufficiently advises the Defendants of the specific acts of which they are accused. Moreover, the discovery thus provided, particularly the phone records, recordings and transcripts the government states it turned over, more than adequately provides Defendants with the requisite notice of their allegedly criminal acts. Thus, Defendants' request for a bill of particulars is denied.

### 3. *Brady, Giglo and Jencks Act Material*

Defendants also move for production of any Brady material, as well as the early production of Giglio/Jencks Act material. The government states it is unaware of the existence of any Brady material, and that it remains aware of its continuing obligation with regard to such material.

With respect to Giglio and 3500 material, even though the government is not required to turn it over until any witness for whom there is such material has testified on direct, the government has indicated it will turn over any Giglo and 3500 material no later than a week before the trial begins. Thus, Defendants' request for production any earlier is denied.[1]

---

[1] Defendants' requests with respect to any possible 404(b) material shall be addressed by this Court following submission by the government of its motion in limine on the same subject, which is due no later than November 18, 2005.

### 4. *Grand Jury Minutes*

Spataro moves for disclosure of the minutes of the grand jury proceedings that led to his indictment. With certain very limited exceptions, grand jury minutes are generally secret. See Fed. R. Crim. P. 6(e)(2). To overcome the presumption of secrecy, a defendant must demonstrate a "'particularized need' that outweighs the need for secrecy." United States v. Moten, 582 F.2d 654, 662 (2d Cir. 1978) (citations omitted). Spataro has not demonstrated such a need and so his request for disclosure of the grand jury minutes is denied.

## CONCLUSION

For the above-mentioned reasons, Defendants' motions are DENIED.

SO ORDERED.

Dated: November 8, 2005
Brooklyn, NY

_____
Senior U.S.D.J.